## S. W. OAKEY *v.* DAVID AIKEN.

When the value of the object in controversy is sufficient, according to the allegations of the petition, to give the court jurisdiction, the fact that the price paid for it by the plaintiff is below the amount required to give the court jurisdiction is not sufficient of itself to destroy the allegation as to the true value. The allegation in the petition as to the value of the object in controversy determines the question of jurisdiction when the claim is not evidently fictitious.

When the plaintiff in a suit for a partition sets up title to an undivided half of property in defendant's possession, claiming to have derived title thereto under a Marshall's sale, the defendant not claiming title to the interest of the seized debtor in the object thus sold, cannot contest the validity of the Marshall's sale for the want of formalities which were intended by law for the protection of the judgment debtor alone.

When neither the judgment debtor nor any third party claims an adverse interest in property thus sold, the want of an appraisement of the property is not such an informality as will avoid the sale.

APPEAL from the Fifth District Court of New Orleans, *Augustin* J. *H. B. Eggleston,* for plaintiff. *J. Livingston,* for defendant and appellant.

LEA, J. *John S. Turner* and *Elihu Woodruff* being partners in business under the name and style of *Turner & Woodruff,* the latter availed himself of the benefit of the bankrupt law, and surrendered the firm assets of *Turner & Woodruff.* At the sale of these assets the defendant became the purchaser. The plaintiff, who was a judgment creditor of *John S. Turner,* the other partner, caused to be seized in execution—1st, All the rights, credits, money and property belonging to *Turner* in the hands of *Aiken.* 2d, All the right, title and interest of *Turner,* as one of the partners of the firm of *Turner & Woodruff,* in and to the books, accounts and bills receivable of the late firm in the hands of *Aiken.* 3d. All the right, title and interest of *Turner* in and to the books, accounts, notes, and other assets adjudicated to *Aiken* at a sale made by the United States Marshal on the 20th March, 1844. It is in virtue of the sale made under this seizure that *Oakey* became the purchaser of *Turner's* share of the assets of which his representatives now ask a partition. An exception was taken to the jurisdiction of the District Court, on the ground that the value of the property sought to be divided was not sufficient to give jurisdiction to the District Court. It is alleged in the plaintiff's petition that his interest in the property sought to be divided is worth the sum of $500 and *upwards,* and it is not shown that they are worth less; their nominal value far exceeds that amount, and the fact that they were purchased by *Oakey* for $6 at a bankrupt sale by no means proves that the claim is fictitious, especially when the large nominal value of these assets is considered; moreover, if the interest be really less than $50 in value, this court would have no jurisdiction of the appeal.

The defendant has suggested and alleged informalities in the sale made by the City Marshal, of which we do not think he is at liberty to avail himself under the circumstances.

Whether there was or was not an appraisement of the assets prior to the sale to *Oakey* is a matter wholly immaterial to *Aiken*. The want of the formality, assuming it to exist, is one which *Turner* alone could set up as a defence, as it was intended solely for the protection of the judgment debtor; and the same remark may, under the circumstances, be made with reference to the supposed invalidity of the seizure for want of an actual taking possession of the assets sold to *Oakey*—due notice of seizure was given to *Turner* himself—the assets for the most part are intangible. Neither the judgment debtor nor any third party asserts an interest in the assets thus sold, and the defendant himself is certainly secure against an adverse possession of any third party, as he pretends to have possession himself. We think it was incompetent for the defendant to urge informalities which, assuming their existence, could work no injury to himself, and of which the parties in interest have made no complaint.

Judgment affirmed.